# EXHIBIT A

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | 2015-CA-001492 |
| PLAINTIFF(S)<br><br>Kelsey O'Brien, individually and on behalf of all others similarly situated | VS. DEFENDANT(S)<br><br>GOVSIMPLIFIED, LLC, a Delaware Limited Liability Comapny, | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): GOVSIMPLIFIED, LLC., a Delaware Limited Liability Company by serving its registered agent, Guiluame Lellouche at 2800 Biscayne Blvd., Ste 200, Miami, Florida 33137

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Andrew B. Boese. Esq.

whose address is: 255 Alhambra Circle, Suite 800, Coral Gables, Florida 33134

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | JAN 27 2015 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 01/11                                      Clerk's web address: www.miami-dadeclerk.com

Filing # 22761600 E-Filed 01/20/2015 06:35:15 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Kelsey O'Brien, individually and on behalf
of all others similarly situated,

Plaintiff,

Case No.

Class Representation

v.

GOVSIMPLIFIED, LLC, a Delaware Limited Liability Company,

Defendant.

___

**CLASS ACTION COMPLAINT**

Plaintiff, Kelsey O'Brien ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned counsel, hereby files this Class Action Complaint against Defendant, GovSimplified, LLC ("Defendant"), and alleges in support thereof:

## INTRODUCTION

1. At all material times hereto, Defendant has unlawfully, unfairly, misleadingly, and deceptively tricked consumers into purchasing employer identification numbers ("EIN") – otherwise free of charge by the Internal Revenue Service ("IRS") – by inconspicuously designing the layout and format of its websites to model the design of the online website of the IRS. As a result, consumers interested in purchasing an EIN for their business are misled by Defendant's website(s) into believing that Defendant is affiliated with the IRS and/or the United States government. Defendant further represents that it is providing value by charging a premium rate

[GovSimplified Complaint 1]

for delivering an EIN number within three business days for $129, within one business day for $147, or within one hour for $197, when in fact an EIN is transmitted immediately and for free following completion of an online application through the United State government website. Defendant's business takes longer to provide an EIN than the United States government website, such that Defendant is effectively charging consumers for holding and delaying delivery of an EIN. Defendant's business provides no value. It relies entirely on deceiving consumers into believing that its website is a government website, or deceiving consumers that it is providing a premium delivery service. Plaintiff brings this action against Defendant alleging violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, and for unjust enrichment. This is a nationwide class action seeking temporary and permanent injunctive relief, monetary damages, and other statutory relief pursuant to FDUTPA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to the provisions of FDUTPA.

3.  Venue in this County is proper pursuant to Fla. Stat. § 47.051, because, as set forth below, Defendant is a foreign corporation doing business in Miami-Dade County, and Plaintiff's claims asserted herein arose in this County. Moreover, pursuant to the Terms and Conditions of Defendant's websites, any action is to be brought in a Florida court and governed by Florida law.

## PARTIES

4.  Plaintiff, Kelsey O'Brien, is an individual more than 18 years old, and is a citizen and resident of Illinois.

5.  Defendant is a Delaware Limited Liability Company that created, maintains and performs its services at issue in Miami-Dade County. On information and belief, Defendant

maintains its principal place of business at 2800 Biscayne Blvd., Miami, FL 33137. Defendant lists a Registered Agent with the Delaware Department of State Division of Corporations as Harvard Business Services, Inc. located at 16192 Coastal Hwy, Lewes, Delaware 19958.

## GENERAL ALLEGATIONS

**A.   Employee Identification Numbers.**

6. An EIN, also known as a Federal Tax Identification Number, is a nine-digit number assigned by the IRS used to identify business entities. The EIN allows the IRS to track wages and other payments from businesses to the business's employees and owners. An EIN is also generally required for individuals to open a business bank account when creating or starting a new business venture.

7. Individuals may apply for and receive an EIN from the Internal Revenue Service free of charge either online or through the mail. For individuals who apply online, their EIN is transmitted immediately following completion of their online application.

8. To help individuals navigate the EIN application process, the IRS offers an online EIN assistant to walk users through the application form.

9. Individuals may apply for an EIN online from the IRS through its website located at http://www.irs.gov.

10. The domain name "gov" is a sponsored top-level domain in the Domain Name System of the Internet. The name is derived from government, indicating its restricted use by government entities in the United States. The domain name "fed.us" is also used by, and restricted for use by United States federal agencies.

**B. Defendant's Deceptive and Misleading Websites are Likely to Deceive Reasonable Consumers.**

11. Defendant maintains various websites for consumers to obtain employer identification numbers ("EIN" or "EINs"). Upon information and belief, Defendant maintains the following known websites providing EIN applications: http://www.ein-gov.us, http://www1.ein-gov.us, http://www.taxid-gov.us, and http://www1.taxid-gov.us.

12. Defendant conducts business within the State of Florida, as well as throughout the United States.

13. To lure people to its websites, Defendant's utilize deceptive domain names to deceive consumers into believing that it is affiliated with the United States government. For instance, Defendant's domain names use the affix "gov.us" (e.g., http://www.ein-gov.us) to trick individuals into believing that the website is affiliated with the United States Government.

14. Defendant is not affiliated with the IRS or United States government.

15. Defendant's websites, however, utilize the same general layout and color scheme of the IRS EIN assistance website.

16. Defendant collects consumers' highly-private personal information, including their social security numbers, as part of their application process.

17. While GovSimplified's websites contain a purported "disclaimer" below the bottom of the webpage disassociating itself from the United States government, the "disclaimer" is located where Defendants know or should know a reasonable consumer is not likely to look, is in a font proportionately smaller than the rest of the webpage, and is set in a color tone that blends into the website's background.

18. Despite the IRS providing EINs immediately upon completion of EIN applications, Defendant charges various "delivery rates" based on how fast individuals want to receive their EIN:

　　a. Defendant charges $129.00 for "Normal Delivery" in which Defendant promises EIN delivery within 3 business days.

　　b. Defendant charges $147.00 for "Express Delivery," in which an individual's order will be processed within 1 business day; and,

　　c. Defendant charges $197.00 for "Instant Delivery," in which Defendant promises EIN delivery within the next 60 minutes.

19. Defendant does not inform consumers that EINs are available immediately upon completion of the application for an EIN through the IRS.

20. Defendant deceives and misleads reasonable consumers into believing that its website is faster than completing the EIN application through the IRS, when that is not in fact the case. Defendant also does not inform consumers that they may apply for an EIN for free over the internet, over the phone, or by facsimile.

21. Defendant's deceptive and misleading representations and omissions are likely to deceive – and have deceived - Plaintiff and other reasonable consumers.

22. Plaintiff and the other Class members were harmed by Defendant's misleading and deceptive websites.

23. Plaintiff and the other Class members were among the intended recipients of Defendant's deceptive representations and omissions.

24. Defendant's websites were designed with the intent to induce Plaintiff and the other Class members into purchasing Defendant's product by deceiving them into believing that Defendant is affiliated with the United States government.

25. Defendant's websites were designed with the intent to induce Plaintiff and the other Class members into purchasing Defendant's product by deceiving them into believing Defendant provides a premium service by providing an EIN at the advertised "Normal," "Express," and "Instant" delivery rates.

26. Defendant's representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

27. The materiality of Defendant's misleading and deceptive representations and omissions establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the Class.

28. Upon information and belief, in making the misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for its product if consumers believed the Service was affiliated with the United States government.

29. Upon information and belief, in making the misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a price premium for its product if consumers believed Defendant's website is faster than obtaining an EIN through the United States government website.

30. As an immediate, direct, and proximate result of Defendant's misleading and deceptive representations and omissions, Defendant injured Plaintiff and the other Class members in that Plaintiff and other Class members paid a sum of money for a product that was not as represented.

31. Had Defendant not made the misleading, and deceptive representations and omissions, Plaintiff and the other Class members would not have been economically injured because Plaintiff and the other Class members would not have purchased Defendant's product.

32. Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

33. Plaintiff and the other Class members purchased or paid more for an EIN than they would have done had they known the truth about the Defendant's product.

C. **Plaintiff's Reliance and Damages**

34. In December 2014, Plaintiff purchased an EIN through one of Defendant's websites.

35. Plaintiff was led to believe that Defendant was affiliated with the United States government and he was required to go through Defendant to obtain an EIN.

36. Subsequent to purchasing an EIN from Defendant, Plaintiff discovered that EINs are available through the IRS website at no charge and are obtainable immediately upon completion of the IRS' online application.

37. Plaintiff and members of the Class paid a price premium to Defendant because they were led to believe they were required to go through Defendant to obtain an EIN.

38. Plaintiff and members of the Class would not have purchased the Products had they known that EINs were available immediately and at no charge from the IRS.

39. As a result, Plaintiff and members of the Class have suffered actual economic damages as a result of purchasing an EIN through Defendant.

40. Plaintiff and the Class seek damages equal to the aggregate purchase price paid for the service during the Class Period, and injunctive relief described below.

## CLASS REPRESENTATION ALLEGATIONS

41. Plaintiff seeks certification of the following nationwide class pursuant to Fla. R. Civ. P. 1.220(a) and 1.220(b)(2) or 1.220(b)(3): "all individuals in the United States who purchased EIN(s) through Defendant's website(s), at any time from January 20, 2011, through the duration of any injunctive relief ordered by the Court." The number of Class members is expected to be in the thousands.

42. The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

43. The Plaintiff's claims involve questions of law and fact that are common to each member of the Class. Among the questions of law and fact common to Plaintiff and the members of the Class are:

   a. Whether Defendant's website is likely to deceive a reasonable consumer into believing that Defendant is affiliated with the United States government;

    b. Whether Defendant's website is likely to deceive a reasonable consumer into believing that Defendant is providing a premium service by providing an EIN faster than it can be obtained through the United States government website.

44. The claims of the named Plaintiff are typical of those of the Class because the Plaintiff and members of the Class were harmed by the same deceptive website and sustained the same damages by paying Defendant's premium rates for a service and product that can be obtained for free through the United States government website.

45. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff's interests are fully aligned with the interests of the class members. Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation. Plaintiff will vigorously pursue the claims of the Class.

46. The particular facts and circumstances that support maintenance of this action as a class action pursuant to Fla. R. Civ. P. 1.220(b)(2) are that Defendant has acted on grounds generally applicable to all the members of the Class, in that Defendant's website deceptively misleads all reasonable consumers, making final injunctive relief or declaratory relief concerning the deceptive website appropriate to the Class as a whole.

47. The particular facts and circumstances that support maintenance of this action as a class action pursuant to Fla. R. Civ. P. 1.220(b)(3) are that questions of the deceptiveness and unfairness of Defendant's website are common to the claim of the representative party and the claim of each member of the Class, and predominates over questions affecting only individual class members. The Plaintiff and the members of the Class are entitled to repayment of the delivery fees paid for Defendant's valueless service.

## FIRST CLAIM FOR RELIEF
### (Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*)

48. Plaintiff incorporates by reference the allegations pled in paragraphs 1-47 of this Complaint.

49. This count is brought pursuant to FDUTPA.

50. By the acts described above, Defendant has engaged in unfair, deceptive and unconscionable acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

51. The express purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

52. Fla. Stat. § 501.204(1) declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

53. The product sold by Defendant at issue in this cause was a "consumer transaction" within the scope of FDUTPA.

54. Plaintiff and all Class Members were consumers as defined by Fla. Stat. § 501.203.

55. The product sold by Defendant is within the meaning of FDUTPA and Defendant is engaged in trade or commerce within the meaning of FDUTPA.

56. Defendant's unfair and deceptive practices are likely to deceive, trick, or mislead – and have deceived, tricked and misled – reasonable consumers, such as Plaintiff and members of the Class.

57.     Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

58.     Specifically, Defendant deceives, tricks, and/or misleads consumers into believing Defendant is affiliated with the United States government by using a domain name (*e.g.*, "ein-gov.us") substantially similar to the domain names restricted to the United States government (*e.g.*, ".gov" and ".fed.us").

59.     Defendant also deceives, tricks, and/or misleads consumers into believing that there is value in paying its premium deliver rates when in fact an EIN can be obtained immediately and free of charge from the IRS.

60.     Plaintiff and Class Members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased EINs from Defendant which are otherwise available immediately and free of charge from the IRS.

61.     Reasonable consumers rely on Defendant to honestly represent the true nature of its product.

62.     Plaintiff and the Class suffered actual damages and are entitled to injunctive relief.

63.     Pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff and the Class make claims for damages, attorney's fees, and costs. The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

64. Pursuant to Fla. Stat. § 501.211(1), Plaintiff and the Class seek injunctive relief for, *inter alia*, the Court to enjoin Defendant's above-described wrongful acts and practices, and for restitution and disgorgement.

65. Plaintiff and the Class seek all available remedies, damages, and awards as a result of Defendant's violations of FDUTPA.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

66. Plaintiff incorporates by reference the allegations pled in paragraphs 1-47 of this Complaint.

67. This is a count for unjust enrichment.

68. Plaintiff and each member of the Class conferred a benefit on Defendant through payment of delivery charges to Defendant, allowing Defendant to enrich itself to the detriment of the Class.

69. Defendant appreciated, accepted, and retained this benefit, as it earned profit by virtue of its deceptive business practice.

70. Under the circumstances, it would be unjust and inequitable to allow the Defendant to retain this benefit, as it was obtained through deceptive and unfair representations and omissions.

71. Plaintiff and the Class suffered damages as a result of Defendant's unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

2. For an award of equitable relief for all causes of action as follows:

    (a) Enjoining Defendant from continuing to engage, use, or employ any unfair and/or deceptive business acts or practices related to the design, testing, manufacture, assembly, development, marketing, advertising, or sale of EINs in such manner as set forth in detail above;

    (b) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

    (c) Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices; and

    (d) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described herein.

3. For actual damages in an amount to be determined at trial for all causes of action;

4. For an award of attorney's fees and costs;

5. For any other relief the Court might deem just, appropriate, or proper; and

6. For an award of pre- and post-judgment interest on any amounts awarded.

**JURY DEMAND:** Plaintiff demands a jury on all issues which can be heard by a jury.

Respectfully submitted this 20th day of January, 2015.

/s/ *Andrew B. Boese*
Andrew B. Boese
 Florida Bar No. 0824771
LEÓN COSGROVE, LLC
255 Alhambra Circle, Suite 424
Coral Gables, FL 33134
Tel:   305.740.1975
Fax:   305.437.8157
Email: aboese@leoncosgrove.com
Email: rburnett@leoncosgrove.com

and

Jana Eisinger, Esq. (*pro hac vice* motion to be submitted)
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Tel: 303.597.4012
Fax: 303.597.4001
Email: eisinger@mlgrouppc.com

ATTORNEYS FOR PLAINTIFF AND ALL OTHER INDIVIDUALS SIMILARLY SITUATED